UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHANNON LYTTLE,

    Petitioner,

    v.    CASE NO. 3:25-CV-482-HAB-ALT

WARDEN,

    Respondent.

## OPINION AND ORDER

Shannon Lyttle, a prisoner without a lawyer, filed an amended habeas petition challenging the disciplinary decision (MCF-24-2-284) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of conspiring to commit battery in violation of Indiana Department of Correction Offenses 102 and 111. After a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time.

Lyttle argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to support a finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record contains a conduct report in which a correctional officer represented that, at 4:53 a.m., on January 30, 2024, Lyttle walked quickly to the victim's cell when the cell doors opened for breakfast. ECF 11-1. Lyttle's cellmate, Inmate Timin, followed him and

closed the cell door. *Id.* About two minutes later, Lyttle and Inmate Timin left the victim's cell. *Id.* Correctional staff found the victim moments later with injuries consistent with assault. *Id.* The administrative record contains a video recording, which the Court has reviewed and found to be consistent with the video recording summary and the conduct report. ECF 11-8; ECF 18. It contains photographs of the victim's injuries and cell. ECF 12. It also contained a witness statement from Inmate Timin in which he represented as follows:

> What I saw when I came to the room was whoever the victim guy was or whatever his name as, he was kinda like on his knees by the back of the room and my celly (Lyttle) was closer by the sink and when I asked what happen, I was told the guy was pranking on something so we tried to help him but when it didn't look too good, we got out of the room. I was under the impression that the guy bust his shit as in fell and hit his face. That's what my understanding was.

ECF 11-3. The conduct report, the video recording, and the photographs constitute some evidence that he conspired to batter and did batter another inmate. Though Inmate Timin offered a contrary statement, the hearing officer was not required to credit it. Therefore, the claim that the administrative record lacked sufficient evidence is not a basis for habeas relief.

Lyttle also argues that he is entitled to habeas relief because correctional staff denied his request for a witness statement from the victim's cellmate and also denied him an opportunity to review the victim's witness statement. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

According to Lyttle, the victim's cellmate would have testified:

2

> That Lyttle did not harm the victim in any way, that the victim had received his injuries from another prisoner the day before, and that Lyttle told the victim that Lyttle was only checking on him to make sure that he was okay because he had been stabbed.

ECF 20 at 8. The Court finds that the denial of this witness statement amounts to, at most, harmless error. Most significantly, the photographs of the victim's injuries and cell, which depict freshly inflicted wounds and visibly wet blood, are not consistent with an assault that had occurred the day before Lyttle had visited the cell on January 30, 2024. ECF 12. The Court further observes that this purported testimony would have materially conflicted with Inmate Timin's testimony and that Lyttle could have offered similar testimony at the hearing but did not. ECF 11-3; ECF 11-7.

The record also indicates that correctional staff obtained witness statements from the victim but that they declined to provide them to Lyttle because they could be used to harass the victim. ECF 13, ECF 14, ECF 15. "[A]n inmate is entitled to disclosure of material, exculpatory evidence in prison disciplinary hearings unless such disclosure would unduly threaten institutional concerns." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Given that Lyttle stood credibly accused of stabbing the victim, correctional staff had ample reason to withhold the victim's witness statements in an effort to prevent Lyttle from retaliating or harassing him. Consequently, the denial of evidence is not a basis for habeas relief.

Lyttle further argues that he is entitled to habeas relief because the conduct report did not specifically describe actions that constituted conspiracy or battery and did not identify the victim by name. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). However, the conduct report clearly and

3

particularly described the time and place of the battery incident; it occurred in a single cell within the span of two minutes. ECF 11-1. Further, Lyttle has conceded that he knew who the victim was even if he did not know his name at the time of the hearing and that he recalled specific details regarding his interaction with the victim during those two minutes.[1] More specific details relating to the charged offenses were not available to correctional staff due to the angle of the camera, and the conduct report appears to have described all the evidence that was available to correctional staff. *Id.* Additionally, the conduct report was sufficient to enable Lyttle to request and obtain some exculpatory evidence. ECF 11-3. As a result, the Court finds that the conduct report provided adequate notice and that this claim is not a valid basis for habeas relief.

Finally, Lyttle argues that he is entitled to habeas relief because the hearing officer demonstrated improper bias by denying his request for a continuance, by finding him guilty, and by imposing harsher sanctions against him than against Inmate Timin. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). "Due process does forbid officials who are directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof, from serving on the board hearing the charge." *Id.* at 667.

While the hearing officer denied the request for a continuance, found Lyttle guilty, and sanctioned him, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). Further, Lyttle has not provided any evidence as to how correctional staff charged or sanctioned Inmate Timins, and their individual involvement with the

---

[1] Though presented in the form of the victim's cellmate's anticipated testimony, Lyttle represents that he knew that the victim has been attacked the prior day, checked up on the victim, and spoke directly to him on January 30, 2024. ECF 20 at 8.

4

battery incident, while apparently similar, includes one key difference. Specifically, Lyttle initiated the misconduct by leading the charge into the victim's cell, while Inmate Timins merely followed Lyttle's lead. ECF 11-1. Moreover, there are numerous potentially applicable aggravating and mitigating circumstances that Lyttle simply does not address, each of which could have presented a valid basis for the purported disparity in sanctions. ECF 11-13 at 38-40 (listing factors for assessing disciplinary sanctions). Consequently, the claim of improper bias is not a basis for habeas relief.

Because Lyttle has not asserted a valid claim for habeas relief, the habeas petition is denied. If Lyttle wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the Court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the Court:

(1) DENIES the amended habeas corpus petition (ECF 4);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Shannon Lyttle leave to proceed in forma pauperis on appeal.

SO ORDERED on October 27, 2025.

                                           s/ *Holly A. Brady*
                                           CHIEF JUDGE HOLLY A. BRADY
                                           UNITED STATES DISTRICT COURT